**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

vs.

**APPROXIMATELY $130,000.00
SEIZED FROM PNC BANK
ACCOUNT NUMBER 3816488321,**

       **Defendant *In Rem*.**

_____/

**<u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>**

PLAINTIFF, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, hereby files this civil complaint for forfeiture *in rem* and alleges as follows:

1. This is a civil action *in rem,* pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), and the procedures set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure, to forfeit approximately $130,000.00 (hereinafter "Defendant Currency") seized from PNC Bank account number 3816488321 (the "PNC Account") which constitutes or is derived from proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343 and property involved in a money laundering transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957.

2. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3. The Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28

1

U.S.C. § 1355.

4. Venue for this action is proper in this Southern District of Florida because acts or omissions giving rise to the forfeiture occurred in this District.

## FACTUAL ALLEGATIONS

5. Victim Company is a Florida based company that provides title and escrow services for residential and commercial real estate transactions.

6. In or about April 2022, Victim Company was hired to facilitate a real estate closing for the seller of a residential property (the "Property"). As part of the real estate closing process, Victim Company is required to obtain payoff letter/statements[1] ("Payoff") from any lenders that have mortgages or liens against a seller's real estate.

7. Victim Company requested a payoff amount and wiring instructions to satisfy the mortgage from Company 1, the mortgage holder of the Property. Victim Company received a payoff and wiring instructions from Company 1 via MyFax on April 28, 2022 and on May 2, 2022. MyFax is an online fax service that sends documents directly to an email address rather than to a fax machine. Victim Company regularly uses MyFax for its real estate transaction services.

8. The closing for the Property took place the morning of May 6, 2022. Shortly after the closing, Victim Company sent a wire transfer in the amount of $281,272.82 to a Wells Fargo Bank account number ending in x4603 ("WF Account"), as payoff for the Property using the wiring instructions received via MyFax from Company 1. The wire transfer listed Company 1 as the beneficiary.

9. Victim Company's wire transaction to the WF Account originated from Victim

---

[1] Payoff letters/statements detail the amount of money needed to fully pay off a mortgage loan.

Company's bank, Bank United NA, located in Miami Lakes, Florida in the Southern District of Florida.

10. A few days later, Wells Fargo Fraud Department ("WFFD") contacted Victim Company to verify the intended beneficiary of the payoff wire transfer. WFFD reported that a customer with the last name Mamahua attempted to withdraw a large sum of cash from the WF Account. Victim Company then contacted Bank United and began an internal investigation of the transaction.

11. Victim Company's internal investigation revealed that it fell victim to a fraud and Company 1 never received the payoff wire transfer. Victim Company's MyFax account was altered so that an email address not associated with Victim Company would receive MyFax documents intended for Victim Company.

12. The MyFax payoff information that Victim Company received on April 28 and May 2 was altered to include wiring instructions for the WF Account which was owned by The Payoff Service LLC with a sole signer on the account listed as Angela C. Mamahua.

13. Further investigation revealed that after receiving the wire transfer on May 6, 2022, there were multiple wire transfers or withdrawals from the WF Account, including a wire transfer on May 9, 2022, in the amount of $130,000.00 to the PNC Account for the benefit of Angela Mamahua. Records show that Angela Mamahua opened the PNC Account under her name doing business as The Payoff Service and she is the sole signer on the account.

14. On May 26, 2022, the Defendant Currency was seized from the PNC Account in San Antonio, Texas.

15. United States Secret Service is currently in possession of the Defendant Currency.

**LEGAL BASIS FOR FORFEITURE**

16. Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' . . . , or a conspiracy to commit such offense" is subject to forfeiture to the United States.

17. Pursuant to 18 U.S.C. 1343, it is a crime to "devise[] or intend[] to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

18. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of [18 U.S.C. §§ 1956 and 1957], or any property traceable to such property" is subject to forfeiture to the United States.

19. Pursuant to 18 U.S.C. § 1956(a)(1)(B)(i), it is a federal crime, "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, [to] conduct[] or attempt[] to conduct such a financial transaction which in fact involved the proceeds of unlawful activity, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity."

20. Pursuant to 18 U.S.C. § 1957, it is a federal crime to "knowingly engage[] or attempt[] to engage in a monetary transaction in criminally derived property of a value greater than

4

$10,000 and is derived from specified unlawful activity[.]"

21. Based on the foregoing, the Defendant Currency constitutes or is derived from proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343 and was involved in a money laundering transaction in violation of 18 U.S.C. §§ 1956 and 1957 and is therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

**FIRST CLAIM FOR FORFEITURE**
**Proceeds of Wire Fraud**
**18 U.S.C. § 981(a)(1)(C)**

22. The factual allegations in paragraphs 1 through 21 are realleged and incorporated by reference herein.

23. As set forth above, the Defendant Currency constitutes or was derived from proceeds traceable to wire fraud.

24. Accordingly, the Defendant Currency is subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

**SECOND CLAIM FOR FORFEITURE**
**Property Involved in Concealment Money Laundering**
**18 U.S.C. § 981(a)(1)(A)**

25. The factual allegations in paragraphs 1 through 21 are realleged and incorporated by reference herein.

26. As set forth above, the Defendant Currency was involved in a concealment money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

27. Accordingly, the Defendant Currency is subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

## THIRD CLAIM FOR FORFEITURE
**Property Involved in Money Laundering Transaction Greater than $10,000**
**18 U.S.C. § 981(a)(1)(A)**

28. The factual allegations in paragraphs 1 through 21 are realleged and incorporated by reference herein.

29. As set forth above, the Defendant Currency was involved in a money laundering transaction of a value of greater than $10,000 that was derived from specified unlawful activity in violation of 18 U.S.C. § 1957.

30. Accordingly, the Defendant Currency is subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

**WHEREFORE**, Plaintiff, the United States of America, requests that this Honorable Court issue a warrant for the arrest of the Defendant Currency; that notice of this action be provided to persons known or thought to have an interest in or right against the Defendant Currency; that the Defendant Currency be forfeited and condemned to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By:  *s/ Marx P. Calderón*
Marx P. Calderón
Assistant United States Attorney
Court ID: A5502700
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9036
E-mail: Marx.Calderon@usdoj.gov

## **VERIFICATION**

I declare under penalty of perjury, that I am a Special Agent with United States Secret Service ("USSS") and that the foregoing factual allegations are true and correct to the best of my knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of USSS.

Executed this __23rd__ day of January, 2023

                                                LUCAS GLEASON, SPECIAL AGENT
                                                UNITED STATES SECRET SERVICE